The Honorable Cynthia S. Dawson Little Rock Deputy City Attorney 500 W. Markham, Suite 310 Little Rock, AR 72201
Dear Ms. Dawson:
You have requested approval, pursuant to the Interlocal Cooperation Act, A.C.A. § 25-20-101 et seq., of an Intergovernmental Police Service Assistance Agreement among Pulaski County and the Cities of Little Rock, North Little Rock, Maumelle, Sherwood and Jacksonville, under the terms of which the parties agree, subject to certain conditions, to coordinate their law enforcement efforts during emergencies within the area embraced by their collective boundaries.
The Interlocal Cooperation Act requires that interlocal agreements for joint or cooperative action specify the following items:
(1) The duration of the agreement;
(2) The purposes of the agreement;
 (3) The manner of financing the joint or cooperative undertaking and of establishing and maintaining a budget for it;
 (4) The methods of accomplishing termination of the agreement and for the disposal of property (if any) upon termination;
(5) Any other necessary and proper matters.
A.C.A. § 25-20-104(c).
In addition, if the interlocal agreement does not establish a separate legal entity to conduct the joint or cooperative undertaking, it must specify the following items:
 (1) The provision for an administrator or a joint board that will be responsible for administering the joint or cooperative undertaking;
 (2) The manner of acquiring, holding, and disposing of real and personal property (if any) used in the joint or cooperative undertaking.
A.C.A. § 25-20-104(d).
The agreement that you have submitted must specify all of the above-listed items.
I am required by law to review the agreement for the purpose of determining whether it is in proper form, as described above, and is otherwise compatible with the laws of the state.
Having analyzed the agreement you have submitted, I find that it meets the above-outlined requirements of the law and is therefore in proper form. Accordingly, it is hereby approved as submitted.
I must note one substantive matter that could become a point of concern. Under the terms of the agreement, police officers of all the participating political subdivisions are granted the authority under specified circumstances to make arrests in each others' jurisdictions. However, state law affords such authority only to certified law enforcement officers. A.C.A. § 16-81-106(b). Although I assume all permanent law enforcement officers employed by the political subdivisions at issue are certified pursuant to A.C.A. § 12-9-106, the agreement should not be read as granting out-of-jurisdiction arrest authority to uncertified probationary officers.
Assistant Attorney General Jack Druff prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh